■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MURRELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered December 18, 1984, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During a recess in the defendant's trial for the murder of Sidney Carlies, Jr., a woman approached one of the impaneled jurors in the ladies' restroom and said to the juror, "My son would have been 17 years old but he is dead". The juror, who had previously noticed the woman in the courtroom, believed her to be the victim's mother. The juror discussed the incident with another member of the jury panel, and with an alternate juror who advised her to inform the court. In camera, the juror related the incident to the court and counsel, but assured them that it would not impair her ability to serve as an impartial juror. The court and counsel further questioned the other juror and the alternate who had been informed about

but did not witness the incident. Each of these two women stated unequivocally that her knowledge of the woman's remark to the juror would not impair her ability to be impartial. However, the two women both described the juror to whom the remark was made as appearing to be "very upset" by the incident.

Defense counsel moved for the discharge of all three of the women and for a mistrial, claiming that the two jurors and the alternate were "tainted" by the woman's remark. The court granted the request as to the juror to whom the remark was made, finding that the incident was "obviously upsetting" to her, but denied the defense request to discharge the other two women because the court found that they had not "in any way been tainted by what took place".

The defendant contends on this appeal that he was deprived of a fair trial by the court's refusal to discharge the second juror and the alternate. We disagree. CPL 270.35 mandates the discharge of a sworn juror who the court finds to be "grossly unqualified to serve". Such a finding, however, which is derived from a "probing and tactful inquiry with the juror" cannot be founded on the "unequivocal assurance from the juror that he or she will decide the case solely on the evidence and free from any effect of the bias" resulting from an incident such as occurred herein (People v Rodriguez, 71 NY2d 214, 220).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.